

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JUSTIN LAPOINTE NEXT FRIEND OF         CASE NO.
L. L.;
JUSTIN LAPOINTE, MARY LAPOINTE
& KAYLEIGH LAPOINTE

V.

NEWELL BRANDS, INC.,
TARGET STORES, INC.,
HAIER US APPLIANCE SOLUTIONS, INC.
D/B/A GE APPLIANCES, AND
GENERAL ELECTRIC COMPANY         JUNE 21, 2023

## <u>COMPLAINT</u>

### A. THE PARTIES

1. The infant plaintiff, L. L., is a minor and brings this action by the Plaintiff, Justin Lapointe, her father, guardian, and next friend (parens patriae – PPA).

2. The infant plaintiff, L. L. (hereinafter the "infant plaintiff") was and still is a resident of the State of Connecticut with her place of residence in the Town of Colchester.

3. L. L. is the niece of Kayleigh Lapointe.

4. The Defendant, Newell Brands, Inc., (hereinafter "Newell") was and still is a corporation duly incorporated under the laws of the State of Delaware, with a principal place of business in Atlanta, Georgia. Newell does business under its brand "Graco" and was formerly known as Newell Rubbermaid. The Graco company was acquired by Rubbermaid, now Newell Brands, Inc., in or around 1999. It also does business as "Newell Brands Distribution LLC" and "Graco Children Products, Inc.", "Graco" and "Graco Car Seats." They are registered and authorized to do business in Connecticut.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



5. The Defendant, Target Stores, Inc., doing business as Target Corporation, Target Enterprise, Inc., Target Procurement LLC, and Target Food, Inc., (hereinafter "Target") was and still is a corporation duly incorporated under the laws of the State of Minnesota, with a principal place of business in Minneapolis, Minnesota. They are registered and authorized to do business in Connecticut, with a business address in Waterford, Connecticut.

6. The Defendant, Haier US Appliance Solutions, Inc., (hereinafter "Haier") does business as several different entities, including "GE Appliances", "GE Appliances, a Haier Company", "GE", "General Electric", "Haier Group Corporation", "Haier Smart Home", Haier Appliance Parts, LLC, Haier Electronics Group Co., Ltd., Haier America Company, L.L.C., Haier America Building, LLC, Haier Smart Home Co., Ltd., Qingdao Haier Co., Ltd. They are registered and authorized to do business in Connecticut. Haier was and still is a Delaware corporation, operating under the laws of Delaware, with a principal place of business in Louisville, Kentucky.

7. The Defendant, General Electric Company, (hereinafter "GE") was and still is a New York corporation operating under the laws of the State of New York, with a principal place of business in Boston, Massachusetts. They are registered and authorized to do business in Connecticut.

8. The Plaintiff, Kayleigh Lapointe (hereinafter the "Aunt Plaintiff") was a resident of the State of Connecticut with her place of residence in the City of Middletown.

9. Kayleigh Lapointe is the Aunt of L. L.

10. The Plaintiff, Justin Lapointe (hereinafter the "Father Plaintiff") was and is a resident of the State of Connecticut with his place of residence in the Town of Colchester.

11. Justin Lapointe is the father of L. L.

12. The Plaintiff, Mary Lapointe (hereinafter the "Mother Plaintiff") was and is a resident of the State of Connecticut with his place of residence in the Town of Colchester.

13. Mary Lapointe is the mother of L. L.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



## B. JURISDICTION

14. The plaintiffs and defendants have complete diversity of citizenship and are subject to the jurisdiction of this Court.

15. The plaintiffs demand monies in excess of $75,000.00.

16. The incident and injuries to all plaintiffs at issue in this case occurred in the State of Connecticut.

17. Newell is publicly traded company with operations throughout the United States and in forty (40) countries throughout the world. Newell has over 28,000 employees and had annual income of $9,200,000,000.00 ($9.2B) in 2022. Newell manufactures and sells multiple well-known consumer brands, including Graco, Rubbermaid, Ball jars, Coleman, Yankee Candle, Elmer's Glue, Sunbeam, Oster and X-acto knives. Newell has business operations in Norwalk, Connecticut.

18. Target is a publicly traded company with operations throughout the United States in all fifty states. Target has 400,000 employees and had annual income of $109,000,000,000.00 ($109B) in 2022. They have 1,954 stores in the United States, including at least 19 retail stores in the State of Connecticut.

19. Haier is a publicly traded company that has business and manufacturing operations in the State of Connecticut, including at its "CoCreate Stamford", which is a 67,000 sq. foot facility in Stamford, Connecticut. Newell had, and continues to have business operations in Connecticut. It represents that it has business operations in Connecticut throughout the internet.

20. Further, Haier sells appliances using the internet, making thousands of sales in the State of Connecticut to consumers. Haier has area sales managers that handle Connecticut and has a strong business presence in Connecticut.

21. In addition, Haier has field service technician who work in Connecticut to repair GE Appliances, including those they sell.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



22. Haier also had business operations and knowledge of the stream of commerce to be aware that Haier would be subject to jurisdiction in the State of Connecticut.

23. GE is a publicly traded company with operations throughout the United States. From 1974 to 2018, the company was headquartered in Fairfield, Connecticut. They have 172,000 employees, including continued business operations in Connecticut, particularly in Norwalk, Connecticut. They have gross revenue of approximately $76,000,000,000.00 ($76B).

24. At all times relevant hereto, Newell, Target, GE and Haier had continuous and systematic business contacts with the State of Connecticut, selling and distributing its products throughout the State of Connecticut.

25. Newell is registered to do business in Connecticut and has appointed an agent for service.

26. Target is registered to do business in Connecticut and has appointed an agent for service.

27. GE is registered to do business in Connecticut and has appointed an agent for service.

28. Haier is registered to do business in Connecticut and has appointed an agent for service.

29. The Court has jurisdiction over this claim pursuant to 28 U.S.C.A. § 1332 and Connecticut General Statutes §§ 52-59b and 33-929, as the plaintiffs allege the defendants committed tortious acts in Connecticut.

30. Paragraphs 1. – 30. of Sections A and B are hereby incorporated into each and every Count below, as if set forth.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



# C. COUNTS AGAINST THE DEFENDANTS

## COUNT ONE: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. V. NEWELL – PRODUCTS LIABILITY

31. At all times mentioned herein, Newell, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

32. The Graco 2501456 SRS/35 Car Seat was a product sold by Newell and placed into the stream of commerce.

33. On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

34. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

35. Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

36. As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

37. The Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

38. The Graco 2501456 SRS/35 Car Seat at issue was put into the stream of commerce by Newell.

39. The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

40. The Graco 2501456 SRS/35 Car Seat was defective and unreasonably dangerous to the infant plaintiff in that the Graco 2501456 SRS/35 Car Seat caused injury to the infant plaintiff.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



41. Newell is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

    a. put the Graco 2501456 SRS/35 Car Seat into the stream of commerce in a defective, unsafe, and dangerous condition, thereby subjecting the Plaintiff to an unreasonable risk of injury;

    b. knew or should have known that the Graco 2501456 SRS/35 Car Seat was so dangerous that is posed a danger of harm to children who used it;

    c. negligently failed to test and/or inspect the Graco 2501456 SRS/35 Car Seat prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

    d. failed to identify the foreseeable risk in the product and/or remedy the risk prior to the exposure of the product to the consumer;

    e. breached its statutory implied warranty of merchantability in that the Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold;

    f. The Graco 2501456 SRS/35 Car Seat was placed into the stream of commerce despite it containing components which violated the burn rate set in Federal Motor Vehicle Safety Standard 302 (FMVSS 302);

    g. placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

    h. failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



    i.   failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

    j.   violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

    k.   failed to conduct proper safety testing on the Graco 2501456 SRS/35 Car Seat or in the manufacturing process as to prevent injuries in using the Graco 2501456 SRS/35 Car Seat;

42. As a result of Newell's breach of the Connecticut Product Liability Act by Newell its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

    a.   flash burns to her face;

    b.   flash burns to her upper chest

    c.   bilateral facial burns involving upper and lower eyelids;

    d.   conjunctival chemosis to bilateral eyelids

    e.   burn of third degree of upper back

    f.   deep third degree burn of right upper arm;

    g.   burn wound in scalp;

    h.   full thickness burns to back of head with significant charring;

    i.   devitalized tissue in right arm and mummified fingers on right hand;

    j.   amputation of fingers on right hand; and

    k.   other injuries and damages to her entire body.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM


43. Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the infant plaintiff sustained and suffered serious and severe personal injuries.

44. By further violation of the product liability act by the Newell as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

45. As a further violation of the product liability act by the Newell as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

## COUNT TWO: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. V. TARGET – PRODUCTS LIABILITY

46. At all times mentioned herein, Target, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marketing, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

47. The Graco 2501456 SRS/35 Car Seat was a product sold by Target and placed into the stream of commerce.

48. On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

49. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

50. Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

51. As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

52. The Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

8



53. The Graco 2501456 SRS/35 Car at issue was put into the stream of commerce by Target.

54. The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

55. Target sold The Graco 2501456 SRS/35 Car Seat to the public when it was not reasonably safe and not fit for the ordinary purposes for which they were sold.

56. Target is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

   a. put the Graco 2501456 SRS/35 Car Seat into the stream of commerce in a defective, unsafe, and dangerous condition, thereby subjecting the Plaintiff to an unreasonable risk of injury;

   b. knew or should have known that the Graco 2501456 SRS/35 Car Seat was so dangerous that is posed a danger of harm to children who used it;

   c. negligently failed to test and/or inspect the Graco 2501456 SRS/35 Car Seat prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

   d. failed to identify the foreseeable risk in the product and/or remedy the risk prior to the exposure of the product to the consumer;

   e. breached its statutory implied warranty of merchantability in that the Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold;

   f. The Graco 2501456 SRS/35 Car Seat was placed into the stream of commerce despite it containing components which violated the burn rate set in Federal Motor Vehicle Safety Standard 302 (FMVSS 302);

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM


g.  placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

h.  failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

i.  failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

j.  violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

k.  failed to conduct proper safety testing on the Graco 2501456 SRS/35 Car Seat or in the manufacturing process as to prevent injuries in using the Graco 2501456 SRS/35 Car Seat;

57. As a result of the breach of the Connecticut Product Liability Act by Target its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

a.  flash burns to her face;

b.  flash burns to her upper chest

c.  bilateral facial burns involving upper and lower eyelids;

d.  conjunctival chemosis to bilateral eyelids

e.  burn of third degree of upper back

f.  deep third degree burn of right upper arm;

g.  burn wound in scalp;

h.  full thickness burns to back of head with significant charring;

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



i.  devitalized tissue in right arm and mummified fingers on right hand;

j.  amputation of fingers on right hand; and

k.  other injuries and damages to her entire body.

58. Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the infant plaintiff sustained and suffered serious and severe personal injuries.

59. By further violation of the product liability act by the Target as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

60. As a further violation of the product liability act by the Target as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

**COUNT THREE: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. V. HAIER – PRODUCTS LIABILITY**

61. At all times mentioned herein, Haier, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

62. The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

63. The Stove was a product sold by the Haier and placed into the stream of commerce.

64. On or about June 23, 2020, the infant plaintiff, L.L., was placed into a Graco Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



65. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

66. Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

67. As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

68. The Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

69. The Stove at issue was put into the stream of commerce by Haier.

70. The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

71. The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the infant plaintiff.

72. Haier is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

   a. put the Stove into the stream of commerce in a defective, unsafe, and dangerous condition, with knobs that would turn on a burner by accidental touch, thereby subjecting the Plaintiff to an unreasonable risk of injury;

   b. knew or should have known that the Stove was so dangerous that is posed a danger of harm to human beings who used it;

   c. negligently failed to test and/or inspect the Stove prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM


d.  failed to identify the foreseeable risk in the product that the Stove knobs could turn on accidentally and/or remedy this risk prior to the exposure of the product to the consumer;

e.  breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe in that the burners could turn on by accidental touch and the Stove was not fit for the ordinary purposes for which it was sold;

f.  placed the Stove into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

g.  failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

h.  failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

i.  violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

j.  failed to conduct proper safety testing on the Stove or in the manufacturing process as to prevent injuries in using the Stove;

k.  failed to warn, or properly warn, of the dangers of the Stove;

l.  failed to prevent or permitted the Stove to reach the consumer in a defective manner, including with defective or unsafe knobs;

m.  placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of starting at the "high" position;

n.  placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of no safety lock or other proper safety

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



mechanism to prevent the system from turning on without the users intent to do so; and

    o.  sold or placed a dangerous and defective product into the stream of commerce.

73. As a result of the breach of the Connecticut Product Liability Act by Haier its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

    a.  flash burns to her face;

    b.  flash burns to her upper chest

    c.  bilateral facial burns involving upper and lower eyelids;

    d.  conjunctival chemosis to bilateral eyelids

    e.  burn of third degree of upper back

    f.  deep third degree burn of right upper arm;

    g.  burn wound in scalp;

    h.  full thickness burns to back of head with significant charring;

    i.  devitalized tissue in right arm and mummified fingers on right hand;

    j.  amputation of fingers on right hand; and

    k.  other injuries and damages to her entire body.

74. Due to the dangerous and defective condition of the Stove, the infant plaintiff sustained and suffered serious and severe personal injuries.

75. By further violation of the product liability act by Haier as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



76. As a further violation of the product liability act by Haier as aforesaid, the infant Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

## COUNT FOUR: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. v. GE – PRODUCTS LIABILITY

77. At all times mentioned herein, GE, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

78. The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

79. The Stove was a product sold by GE and placed into the stream of commerce.

80. The Stove had been designed by GE prior to its sale of its appliance business to Haier.

81. On or about June 23, 2020, the infant plaintiff, L. L., was placed into a Graco Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

82. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

83. Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

84. As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

85. The Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

86. The Stove at issue was put into the stream of commerce by GE.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



87. The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

88. The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the infant plaintiff.

89. GE is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

   a. put the Stove into the stream of commerce in a defective, unsafe, and dangerous condition, with knobs that would turn on a burner by accidental touch, thereby subjecting the Plaintiff to an unreasonable risk of injury;

   b. knew or should have known that the Stove was so dangerous that is posed a danger of harm to human beings who used it;

   c. negligently failed to test and/or inspect the Stove prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

   d. failed to identify the foreseeable risk in the product that the Stove knobs could turn on accidentally and/or remedy this risk prior to the exposure of the product to the consumer;

   e. breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe in that the burners could turn on by accidental touch and the Stove was not fit for the ordinary purposes for which it was sold;

   f. placed the Stove into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

   g. failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



h. failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

i. violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

j. failed to conduct proper safety testing on the Stove or in the manufacturing process as to prevent injuries in using the Stove;

k. failed to warn, or properly warn, of the dangers of the Stove;

l. failed to prevent or permitted the Stove to reach the consumer in a defective manner, including with defective or unsafe knobs;

m. placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of starting at the "high" position;

n. placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of no safety lock or other proper safety mechanism to prevent the system from turning on without the users intent to do so; and

o. sold or placed a dangerous and defective product into the stream of commerce.

90. As a result of the breach of the Connecticut Product Liability Act by Haier its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

a. flash burns to her face;

b. flash burns to her upper chest

c. bilateral facial burns involving upper and lower eyelids;

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



   d.  conjunctival chemosis to bilateral eyelids

   e.  burn of third degree of upper back

   f.  deep third degree burn of right upper arm;

   g.  burn wound in scalp;

   h.  full thickness burns to back of head with significant charring;

   i.  devitalized tissue in right arm and mummified fingers on right hand;

   j.  amputation of fingers on right hand; and

   k.  other injuries and damages to her entire body.

91. Due to the dangerous and defective condition of the Stove, the infant plaintiff sustained and suffered serious and severe personal injuries.

92. By further violation of the product liability act by Haier as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

93. As a further violation of the product liability act by Haier as aforesaid, the infant Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

**COUNT FIVE: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. v. NEWELL – RECKLESSNESS PURSUANT TO §52-240b**

94. At all times mentioned herein, Newell, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

95. The Graco 2501456 SRS/35 Car Seat was a product sold by Newell and placed into the stream of commerce.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



96. On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

97. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

98. Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

99. As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

100. The Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

101. The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

102. The Graco 2501456 SRS/35 Car Seat was defective and unreasonably dangerous to the infant plaintiff in that the Graco 2501456 SRS/35 Car Seat caused injury to the infant plaintiff.

103. The injuries and damages of the Plaintiff was the result of Newell's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a. Knew, should have known or otherwise having complete reckless disregard that despite knowing all components of the Graco 2501456 SRS/35 Car Seat were required to pass the burn rates set in Federal Motor Vehicle Safety Standard 302, this car seat contained components that did not pass FMVSS 302;

   b. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs;

   c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



public for use by consumers, including the plaintiffs, and failed to warn of the same; and

    d. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the infant plaintiff.

104.    The losses and injuries sustained by the Plaintiff was due to Newell's reckless disregard for the safety of product uses, consumers, and others injured by the Graco 2501456 SRS/35 Car Seat, including the Plaintiff, in that it:

    a. deliberately sold the Graco 2501456 SRS/35 Car Seat to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

    b. breached its statutory implied warranty of merchantability in that The Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold;

    c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to warn of the same; and

    d. placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce when it knew or should have known that it exposed consumers, including the infant plaintiff, to a defective and/or dangerous product.

105.    All of the aforementioned violations were engaged in by Newell either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

106.    As a result of the breach of the Connecticut Product Liability Act by the Newell, its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

    a. flash burns to her face;

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



b.  flash burns to her upper chest

c.  bilateral facial burns involving upper and lower eyelids;

d.  conjunctival chemosis to bilateral eyelids

e.  burn of third degree of upper back

f.  deep third degree burn of right upper arm;

g.  burn wound in scalp;

h.  full thickness burns to back of head with significant charring;

i.  devitalized tissue in right arm and mummified fingers on right hand;

j.  amputation of fingers on right hand; and

k.  other injuries and damages to her entire body.

107.    Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the infant plaintiff sustained and suffered serious and severe personal injuries.

108.    By further violation of the product liability act by Newell as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care necessitated by the injuries incurred.

109.    As a further violation of the product liability act by Newell as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

110.    The Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

## COUNT SIX: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. v. TARGET – RECKLESSNESS PURSUANT TO §52-240b

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



111.     At all times mentioned herein, Target, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

112.     The Graco 2501456 SRS/35 Car Seat was a product sold by Target and placed into the stream of commerce.

113.     On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

114.     The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

115.     Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

116.     As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

117.     The Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

118.     The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

119.     The Graco 2501456 SRS/35 Car Seat was defective and unreasonably dangerous to the infant plaintiff in that the Graco 2501456 SRS/35 Car Seat caused injury to the infant plaintiff.

120.     The injuries and damages of the Plaintiff was the result of Target's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a.  Knew, should have known or otherwise having complete reckless disregard that despite knowing all components of the Graco 2501456 SRS/35 Car Seat were required to pass the burn rates set in Federal

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



Motor Vehicle Safety Standard 302, this car seat contained components that did not pass FMVSS 302;

b. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to inspect, check or otherwise confirm the information of the suppliers, including Haier, to ensure a safe product;

c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to warn of the same; and

d. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the infant plaintiff.

121.    The losses and injuries sustained by the Plaintiff was due to Target's reckless disregard for the safety of product uses, consumers, and others injured by the Graco 2501456 SRS/35 Car Seat, including the Plaintiff, in that it:

a. deliberately sold the Graco 2501456 SRS/35 Car Seat to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

b. breached its statutory implied warranty of merchantability in that The Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold, and failed to inspect, check or otherwise confirm the information of the suppliers, including Haier, to ensure a safe product;

c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to warn of the same; and

d. placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce when it knew or should have known that it exposed

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



consumers, including the infant plaintiff, to a defective and/or dangerous product.

122.     All of the aforementioned violations were engaged in by Target either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

123.     As a result of the breach of the Connecticut Product Liability Act by Target, its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

    a.  flash burns to her face;

    b.  flash burns to her upper chest

    c.  bilateral facial burns involving upper and lower eyelids;

    d.  conjunctival chemosis to bilateral eyelids

    e.  burn of third degree of upper back

    f.  deep third degree burn of right upper arm;

    g.  burn wound in scalp;

    h.  full thickness burns to back of head with significant charring;

    i.  devitalized tissue in right arm and mummified fingers on right hand;

    j.  amputation of fingers on right hand; and

    k.  other injuries and damages to her entire body.

124.     Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the infant plaintiff sustained and suffered serious and severe personal injuries.

125.     By further violation of the product liability act by Newell as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care necessitated by the injuries incurred.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



126.　　As a further violation of the product liability act by Newell as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

127.　　The Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

## COUNT SEVEN: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. v. HAIER – RECKLESSNESS PURSUANT TO §52-240b

128.　　At all times mentioned herein, Haier, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

129.　　The Stove was a product sold by Haier and placed into the stream of commerce.

130.　　The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

131.　　On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

132.　　The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

133.　　Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

134.　　As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

135.　　The infant Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



136.     The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

137.     The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the infant plaintiff.

138.     The injuries and damages of the Plaintiff was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a. Knew, should have known or otherwise having complete reckless disregard that despite knowing that the Stove had an unsafe design in that its knobs were not articulated with safety mechanisms and accidental touch could rotate the knobs and turn on the burners without warning to the consumer using it;

   b. failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

   c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs; and

   d. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the infant plaintiff.

139.     The losses and injuries sustained by the Plaintiff was due to Haier's reckless disregard for the safety of product uses, consumers, and others injured by the Stove, including the Plaintiff, in that it:

   a. deliberately sold the Stove to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

   b. breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe and not fit for the ordinary purposes for which it was sold;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



  c. failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

  d. placed the Stove into the stream of commerce when it knew or should have known that it exposed consumers, including the infant plaintiff, to a defective and/or dangerous product.

140. All of the aforementioned violations were engaged in by Haier either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

141. As a result of the breach of the Connecticut Product Liability Act by Haier, its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

  a. flash burns to her face;

  b. flash burns to her upper chest

  c. bilateral facial burns involving upper and lower eyelids;

  d. conjunctival chemosis to bilateral eyelids

  e. burn of third degree of upper back

  f. deep third degree burn of right upper arm;

  g. burn wound in scalp;

  h. full thickness burns to back of head with significant charring;

  i. devitalized tissue in right arm and mummified fingers on right hand;

  j. amputation of fingers on right hand; and

  k. other injuries and damages to her entire body.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



142.     Due to the dangerous and defective condition of the Stove, the infant plaintiff sustained and suffered serious and severe personal injuries.

143.     By further violation of the product liability act by Haier as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care necessitated by the injuries incurred.

144.     As a further violation of the product liability act by Haier as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

145.     The Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

**COUNT EIGHT: JUSTIN LAPOINTE, NEXT FRIEND OF L. L. v. GE – RECKLESSNESS PURSUANT TO §52-240b**

146.     At all times mentioned herein, GE, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

147.     The Stove was a product sold by GE and placed into the stream of commerce.

148.     The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

149.     GE designed the Stove prior to the sale of its appliance division to Haier.

150.     On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

151.     The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM


152.     Upon entering the home, the infant plaintiff's mother found the infant plaintiff's car seat to be on fire.

153.     As a result of the car seat catching fire, the infant plaintiff suffered severe injuries and burns to her entire body.

154.     The infant Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

155.     The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

156.     The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the infant plaintiff.

157.     The injuries and damages of the Plaintiff was the result of GE's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a. Knew, should have known or otherwise having complete reckless disregard that despite knowing that the Stove had an unsafe design in that its knobs were not articulated with safety mechanisms and accidental touch could rotate the knobs and turn on the burners without warning to the consumer using it;

   b. failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

   c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs; and

   d. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the infant plaintiff.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



158.     The losses and injuries sustained by the Plaintiff was due to GE's reckless disregard for the safety of product uses, consumers, and others injured by the Stove, including the Plaintiff, in that it:

   a.   deliberately sold the Stove to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

   b.   breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe and not fit for the ordinary purposes for which it was sold;

   c.   failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

   d.   placed the Stove into the stream of commerce when it knew or should have known that it exposed consumers, including the infant plaintiff, to a defective and/or dangerous product.

159.     All of the aforementioned violations were engaged in by GE either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

160.     As a result of the breach of the Connecticut Product Liability Act by GE, its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

   1.   flash burns to her face;

   2.   flash burns to her upper chest

   3.   bilateral facial burns involving upper and lower eyelids;

   4.   conjunctival chemosis to bilateral eyelids

   5.   burn of third degree of upper back

   6.   deep third degree burn of right upper arm;

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



7.  burn wound in scalp;

8.  full thickness burns to back of head with significant charring;

9.  devitalized tissue in right arm and mummified fingers on right hand;

10. amputation of fingers on right hand; and

11. other injuries and damages to her entire body.

161.     Due to the dangerous and defective condition of the Stove, the infant plaintiff sustained and suffered serious and severe personal injuries.

162.     By further violation of the product liability act by GE as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care necessitated by the injuries incurred.

163.     As a further violation of the product liability act by GE as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

164.     The Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

## COUNT NINE: KAYLEIGH LAPOINTE V. NEWELL – PRODUCTS LIABILITY

165.     At all times mentioned herein, Newell, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

166.     The Graco 2501456 SRS/35 Car Seat was a product sold by Newell and placed into the stream of commerce.

167.     On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBATTORNEYS.COM



168.    The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

169.    Upon entering the kitchen, the Aunt Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

170.    At that time, Aunt Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

171.    As a result of her rescuing the infant from the burning car seat, the Aunt Plaintiff suffered severe injuries and burns to her body.

172.    The Aunt Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

173.    The Graco 2501456 SRS/35 Car Seat at issue was put into the stream of commerce by Newell.

174.    The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

175.    The Graco 2501456 SRS/35 Car Seat was defective and unreasonably dangerous to the infant plaintiff in that the Graco 2501456 SRS/35 Car Seat caused injury to the Aunt Plaintiff.

176.    Newell is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

   a. put the Graco 2501456 SRS/35 Car Seat into the stream of commerce in a defective, unsafe, and dangerous condition, thereby subjecting the Plaintiff to an unreasonable risk of injury;

   b. knew or should have known that the Graco 2501456 SRS/35 Car Seat was so dangerous that is posed a danger of harm to children who used it;

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM


c. negligently failed to test and/or inspect the Graco 2501456 SRS/35 Car Seat prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

d. failed to identify the foreseeable risk in the product and/or remedy the risk prior to the exposure of the product to the consumer;

e. breached its statutory implied warranty of merchantability in that the Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold;

f. The Graco 2501456 SRS/35 Car Seat was placed into the stream of commerce despite it containing components which violated the burn rate set in Federal Motor Vehicle Safety Standard 302 (FMVSS 302);

g. placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

h. failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

i. failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

j. violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

k. failed to conduct proper safety testing on the Graco 2501456 SRS/35 Car Seat or in the manufacturing process as to prevent injuries in using the Graco 2501456 SRS/35 Car Seat;

177. As a result of the breach of the Connecticut Product Liability Act by Newell its agents, representatives, servants, and/or employees, the Aunt Plaintiff suffered the following injuries:

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

33



a. Second degree burns to left lower leg;

b. Second degree burns to right lower leg;

c. Burns involving 30-39% of body surface with 0% to 9% third degree burns.

d. Mental Health injuries and post-traumatic stress disorder; and

e. other injuries and damages to her entire body.

178.      Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

179.      By further violation of the product liability act by Newell as aforesaid, the Aunt Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

180.      As a further violation of the product liability act by Newell as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

**COUNT TEN: KAYLEIGH LAPOINTE V. TARGET – PRODUCTS LIABILITY**

181.      At all times mentioned herein, Target, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

182.      The Graco 2501456 SRS/35 Car Seat was a product sold by Target and placed into the stream of commerce.

183.      On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



184.     The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

185.     Upon entering the kitchen, the Aunt Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

186.     At that time, Aunt Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

187.     As a result of her rescuing the infant from the burning car seat, the Aunt Plaintiff suffered severe injuries and burns to her body.

188.     The Aunt Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

189.     The Graco 2501456 SRS/35 Car Seat at issue was put into the stream of commerce by Target.

190.     The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

191.     The Graco 2501456 SRS/35 Car Seat was defective and unreasonably dangerous to the infant plaintiff in that the Graco 2501456 SRS/35 Car Seat caused injury to the Aunt Plaintiff.

192.     Target is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

   a. put the Graco 2501456 SRS/35 Car Seat into the stream of commerce in a defective, unsafe, and dangerous condition, thereby subjecting the Plaintiff to an unreasonable risk of injury;

   b. knew or should have known that the Graco 2501456 SRS/35 Car Seat was so dangerous that is posed a danger of harm to children who used it;

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



c. negligently failed to test and/or inspect the Graco 2501456 SRS/35 Car Seat prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

d. failed to identify the foreseeable risk in the product and/or remedy the risk prior to the exposure of the product to the consumer;

e. breached its statutory implied warranty of merchantability in that the Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold;

f. The Graco 2501456 SRS/35 Car Seat was placed into the stream of commerce despite it containing components which violated the burn rate set in Federal Motor Vehicle Safety Standard 302 (FMVSS 302);

g. placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

h. failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

i. failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

j. violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

k. failed to conduct proper safety testing on the Graco 2501456 SRS/35 Car Seat or in the manufacturing process as to prevent injuries in using the Graco 2501456 SRS/35 Car Seat;

193.     As a result of the breach of the Connecticut Product Liability Act by Target its agents, representatives, servants, and/or employees, the Aunt Plaintiff suffered the following injuries:

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

a.  Second degree burns to left lower leg;

b.  Second degree burns to right lower leg;

c.  Burns involving 30-39% of body surface with 0% to 9% third degree burns.

d.  Mental Health injuries and post-traumatic stress disorder; and

e.  other injuries and damages to her entire body.

194.    Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

195.    By further violation of the product liability act by Target as aforesaid, the Aunt Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

196.    As a further violation of the product liability act by Target as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

## COUNT ELEVEN: KAYLEIGH LAPOINTE V. HAIER – PRODUCTS LIABILITY

197.    At all times mentioned herein, Haier, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

198.    The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

199.    The Stove was a product sold by the Haier and placed into the stream of commerce.



200.     On or about June 23, 2020, the infant plaintiff, L. L., was placed into a Graco Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

201.     The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

202.     Upon entering the kitchen, the Aunt Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

203.     At that time, Aunt Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

204.     As a result of her rescuing the infant from the burning car seat, the Aunt Plaintiff suffered severe injuries and burns to her body.

205.     As a result of the car seat catching fire, the Aunt plaintiff suffered severe injuries and burns to her entire body.

206.     The Aunt Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

207.     The Stove at issue was put into the stream of commerce by Haier.

208.     The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

209.     The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the Aunt plaintiff.

210.     Haier is legally responsible for the losses and injuries sustained by the Aunt plaintiff as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

a.  put the Stove into the stream of commerce in a defective, unsafe, and dangerous condition, with knobs that would turn on a burner by

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

accidental touch, thereby subjecting the Plaintiff to an unreasonable risk of injury;

b. knew or should have known that the Stove was so dangerous that is posed a danger of harm to human beings who used it;

c. negligently failed to test and/or inspect the Stove prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

d. failed to identify the foreseeable risk in the product that the Stove knobs could turn on accidentally and/or remedy this risk prior to the exposure of the product to the consumer;

e. breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe in that the burners could turn on by accidental touch and the Stove was not fit for the ordinary purposes for which it was sold;

f. placed the Stove into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

g. failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

h. failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

i. violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

j. failed to conduct proper safety testing on the Stove or in the manufacturing process as to prevent injuries in using the Stove;

k. failed to warn, or properly warn, of the dangers of the Stove;



l.  failed to prevent or permitted the Stove to reach the consumer in a defective manner, including with defective or unsafe knobs;

m.  placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of starting at the "high" position;

n.  placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of no safety lock or other proper safety mechanism to prevent the system from turning on without the users intent to do so; and

o.  sold or placed a dangerous and defective product into the stream of commerce.

211.    As a result of the breach of the Connecticut Product Liability Act by Haier its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

a.  Second degree burns to left lower leg;

b.  Second degree burns to right lower leg;

c.  Burns involving 30-39% of body surface with 0% to 9% third degree burns.

d.  Mental Health injuries and post-traumatic stress disorder; and

e.  other injuries and damages to her entire body.

212.    Due to the dangerous and defective condition of the Stove, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

213.    By further violation of the product liability act by Haier as aforesaid, the Aunt Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



214. As a further violation of the product liability act by Haier as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

## COUNT TWELVE: KAYLEIGH LAPOINTE v. GE – PRODUCTS LIABILITY

215. At all times mentioned herein, GE, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

216. The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

217. The Stove was a product sold by GE and placed into the stream of commerce.

218. The Stove had been designed by GE prior to its sale of its appliance business to Haier.

219. On or about June 23, 2020, the infant plaintiff, L. L., was placed into a Graco Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

220. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

221. Upon entering the home, the Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

222. At that time, the Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

223. As a result of her rescuing the infant from the burning car seat, the Plaintiff suffered severe injuries and burns to her body.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



224.     The Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

225.     The Stove at issue was put into the stream of commerce by GE.

226.     The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

227.     The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the infant plaintiff.

228.     GE is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes § 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

   a. put the Stove into the stream of commerce in a defective, unsafe, and dangerous condition, with knobs that would turn on a burner by accidental touch, thereby subjecting the Plaintiff to an unreasonable risk of injury;

   b. knew or should have known that the Stove was so dangerous that is posed a danger of harm to human beings who used it;

   c. negligently failed to test and/or inspect the Stove prior to their ultimate sale and exposure to the customer, this causing a significant hazard to its customers including the Plaintiff;

   d. failed to identify the foreseeable risk in the product that the Stove knobs could turn on accidentally and/or remedy this risk prior to the exposure of the product to the consumer;

   e. breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe in that the burners could turn on by accidental touch and the Stove was not fit for the ordinary purposes for which it was sold;

   f. placed the Stove into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



g. failed to provide its customers with an adequate warning off the significant injury hazards associated with using and/or purchasing its product;

h. failed to provide its customers with an adequate instruction and/or training of the use of the product and of the significant injury hazards associated with using and/or purchasing of the product;

i. violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute; and

j. failed to conduct proper safety testing on the Stove or in the manufacturing process as to prevent injuries in using the Stove;

k. failed to warn, or properly warn, of the dangers of the Stove;

l. failed to prevent or permitted the Stove to reach the consumer in a defective manner, including with defective or unsafe knobs;

m. placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of starting at the "high" position;

n. placed the Stove into the stream of commerce with a defective "dual knob" system that presented a hazard to consumers, which included a defective design of no safety lock or other proper safety mechanism to prevent the system from turning on without the users intent to do so; and

o. sold or placed a dangerous and defective product into the stream of commerce.

229. As a result of the breach of the Connecticut Product Liability Act by GE, its agents, representatives, servants, and/or employees, the Aunt plaintiff suffered the following injuries:

a. Second degree burns to left lower leg;

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



    b. Second degree burns to right lower leg;

    c. Burns involving 30-39% of body surface with 0% to 9% third degree burns.

    d. Mental Health injuries and post-traumatic stress disorder; and

    e. other injuries and damages to her entire body.

230.    Due to the dangerous and defective condition of the Stove, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

231.    By further violation of the product liability act by GE as aforesaid, the Aunt Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care.

232.    As a further violation of the product liability act by GE as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

**COUNT THIRTEEN: KAYLEIGH LAPOINTE v. NEWELL – RECKLESSNESS PURSUANT TO § 52-240b**

233.    At all times mentioned herein, Newell, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

234.    The Graco 2501456 SRS/35 Car Seat was a product sold by Newell and placed into the stream of commerce.

235.    On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

236.    The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



237.     Upon entering the home, the Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

238.     At that time, the Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

239.     As a result of her rescuing the infant from the burning car seat, the Plaintiff suffered severe injuries and burns to her body.

240.     The Aunt Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

241.     The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

242.     The Graco 2501456 SRS/35 Car Seat was defective and unreasonably dangerous to the infant plaintiff in that the Graco 2501456 SRS/35 Car Seat caused injury to the infant plaintiff.

243.     The injuries and damages of the Aunt Plaintiff was the result of Newell's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a. Knew, should have known or otherwise having complete reckless disregard that despite knowing all components of the Graco 2501456 SRS/35 Car Seat were required to pass the burn rates set in Federal Motor Vehicle Safety Standard 302, this car seat contained components that did not pass FMVSS 302;

   b. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs;

   c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to warn of the same; and

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



d. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the infant plaintiff.

244. The losses and injuries sustained by the Aunt Plaintiff was due to Newell's reckless disregard for the safety of product uses, consumers, and others injured by the Graco 2501456 SRS/35 Car Seat, including the Plaintiff, in that it:

a. deliberately sold the Graco 2501456 SRS/35 Car Seat to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

b. breached its statutory implied warranty of merchantability in that The Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold;

c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to warn of the same; and

d. placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce when it knew or should have known that it exposed consumers, including the infant plaintiff, to a defective and/or dangerous product.

245. All of the aforementioned violations were engaged in by Newell either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Aunt Plaintiff.

246. As a result of the breach of the Connecticut Product Liability Act by the Newell, its agents, representatives, servants, and/or employees, the Aunt plaintiff suffered the following injuries:

a. Second degree burns to left lower leg;

b. Second degree burns to right lower leg;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



    c. Burns involving 30-39% of body surface with 0% to 9% third degree burns.

    d. Mental Health injuries and post-traumatic stress disorder; and

    e. other injuries and damages to her entire body.

247.    Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

248.    By further violation of the product liability act by Newell as aforesaid, the Plaintiff was required to spend substantial sums of money for the Aunt plaintiff's medical care necessitated by the injuries incurred.

249.    As a further violation of the product liability act by Newell as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

250.    The Aunt Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

## COUNT FOURTEEN: KAYLEIGH LAPOINTE v. TARGET – RECKLESSNESS PURSUANT TO § 52-240b

251.    At all times mentioned herein, Target, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling car seats, such as the Graco 2501456 SRS/35 Car Seat.

252.    The Graco 2501456 SRS/35 Car Seat was a product sold by Target and placed into the stream of commerce.

253.    On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the stove, at her home, in Colchester, Connecticut.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



254. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

255. Upon entering the home, the Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

256. At that time, the Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

257. As a result of her rescuing the infant from the burning car seat, the Plaintiff suffered severe injuries and burns to her body.

258. The Aunt Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

259. The Graco 2501456 SRS/35 Car Seat at issue was expected to, and did reach, the consumer without substantial change in condition.

260. The Graco 2501456 SRS/35 Car Seat was defective and unreasonably dangerous to the infant plaintiff in that the Graco 2501456 SRS/35 Car Seat caused injury to the infant plaintiff.

261. The injuries and damages of the Aunt Plaintiff was the result of Target's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

    e. Knew, should have known or otherwise having complete reckless disregard that despite knowing all components of the Graco 2501456 SRS/35 Car Seat were required to pass the burn rates set in Federal Motor Vehicle Safety Standard 302, this car seat contained components that did not pass FMVSS 302;

    f. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to inspect, check or otherwise confirm the information of the suppliers, including Haier, to ensure a safe product;

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



g. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to warn of the same; and

h. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the infant plaintiff.

262.     The losses and injuries sustained by the Aunt Plaintiff was due to Target's reckless disregard for the safety of product uses, consumers, and others injured by the Graco 2501456 SRS/35 Car Seat, including the Plaintiff, in that it:

e. deliberately sold the Graco 2501456 SRS/35 Car Seat to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

f. breached its statutory implied warranty of merchantability in that The Graco 2501456 SRS/35 Car Seat was not reasonably safe and not fit for the ordinary purposes for which they were sold, and failed to inspect, check or otherwise confirm the information of the suppliers, including Haier, to ensure a safe product;

g. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs, and failed to warn of the same; and

h. placed the Graco 2501456 SRS/35 Car Seat into the stream of commerce when it knew or should have known that it exposed consumers, including the infant plaintiff, to a defective and/or dangerous product.

263.     All of the aforementioned violations were engaged in by Target either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



264.     As a result of the breach of the Connecticut Product Liability Act by Target, its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

   a.  Second degree burns to left lower leg;

   b.  Second degree burns to right lower leg;

   c.  Burns involving 30-39% of body surface with 0% to 9% third degree burns.

   d.  Mental Health injuries and post-traumatic stress disorder; and

   e.  other injuries and damages to her entire body.

265.     Due to the dangerous and defective condition of the Graco 2501456 SRS/35 Car Seat, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

266.     By further violation of the product liability act by Newell as aforesaid, the Aunt Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care necessitated by the injuries incurred.

267.     As a further violation of the product liability act by Newell as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

268.     The Aunt Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

## COUNT FIFTEEN: KAYLEIGH LAPOINTE v. HAIER – RECKLESSNESS PURSUANT TO § 52-240b

269.     At all times mentioned herein, Haier, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



270.     The Stove was a product sold by Haier and placed into the stream of commerce.

271.     The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

272.     On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

273.     The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

274.     Upon entering the home, the Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

275.     At that time, the Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

276.     As a result of her rescuing the infant from the burning car seat, the Plaintiff suffered severe injuries and burns to her body.

277.     The infant Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

278.     The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

279.     The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the infant plaintiff.

280.     The injuries and damages of the Aunt Plaintiff was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a. Knew, should have known or otherwise having complete reckless disregard that despite knowing that the Stove had an unsafe design in that its knobs were not articulated with safety mechanisms and

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



accidental touch could rotate the knobs and turn on the burners without warning to the consumer using it;

b. failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

c. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs; and

d. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the plaintiffs.

281. The losses and injuries sustained by the Aunt Plaintiff was due to Haier's reckless disregard for the safety of product uses, consumers, and others injured by the Stove, including the Plaintiff, in that it:

a. deliberately sold the Stove to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

b. breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe and not fit for the ordinary purposes for which it was sold;

c. failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

d. placed the Stove into the stream of commerce when it knew or should have known that it exposed consumers, including the infant plaintiff, to a defective and/or dangerous product.

282. All of the aforementioned violations were engaged in by Haier either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM


283.     As a result of the breach of the Connecticut Product Liability Act by Haier its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

   a.  Second degree burns to left lower leg;

   b.  Second degree burns to right lower leg;

   c.  Burns involving 30-39% of body surface with 0% to 9% third degree burns.

   d.  Mental Health injuries and post-traumatic stress disorder; and

   e.  other injuries and damages to her entire body.

284.     Due to the dangerous and defective condition of the Stove, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

285.     By further violation of the product liability act by Haier as aforesaid, the Aunt Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care necessitated by the injuries incurred.

286.     As a further violation of the product liability act by Haier as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

287.     The Aunt Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

## COUNT SIXTEEN: KAYLEIGH LAPOINTE v. GE – RECKLESSNESS PURSUANT TO § 52-240b

288.     At all times mentioned herein, GE, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tests, and/or was charged with providing warnings, instructions, marking, packaging, or labeling cooking stoves and ranges, such as the Household Electric Range, model number JB645RK1SS (hereinafter the "Stove").

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



289. The Stove was a product sold by GE and placed into the stream of commerce.

290. The Stove had a serial number TG226598Q and was manufactured and placed into service within the past ten (10) years.

291. GE designed the Stove prior to the sale of its appliance division to Haier.

292. On or about June 23, 2020, the infant plaintiff, L. L., was placed into the Graco 2501456 SRS/35 Car Seat and placed on the kitchen counter adjacent to the Stove, at her home, in Colchester, Connecticut.

293. The infant plaintiff's mother, Mary Lapointe, placed the infant plaintiff's car seat on the kitchen counter and prepared a couple things around the house.

294. Upon entering the home, the Plaintiff Kayleigh Lapointe found the infant's car seat to be on fire.

295. At that time, the Plaintiff attempted to get the infant off of the kitchen counter and out of the car seat.

296. As a result of her rescuing the infant from the burning car seat, the Plaintiff suffered severe injuries and burns to her body.

297. The infant Plaintiff is a claimant, as defined under Connecticut General Statutes § 52-572m.

298. The Stove at issue was expected to, and did reach, the consumer without substantial change in condition.

299. The Stove was defective and unreasonably dangerous to the infant plaintiff in that the Stove caused injury to the infant plaintiff.

300. The injuries and damages of the Aunt Plaintiff was the result of GE's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



    a.  Knew, should have known or otherwise having complete reckless disregard that despite knowing that the Stove had an unsafe design in that its knobs were not articulated with safety mechanisms and accidental touch could rotate the knobs and turn on the burners without warning to the consumer using it;

    b.  failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

    c.  Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs; and

    d.  Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the infant plaintiff.

301.    The losses and injuries sustained by the Aunt Plaintiff was due to GE's reckless disregard for the safety of product uses, consumers, and others injured by the Stove, including the Aunt Plaintiff, in that it:

    a.  deliberately sold the Stove to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold;

    b.  breached its statutory implied warranty of merchantability in that the Stove was not reasonably safe and not fit for the ordinary purposes for which it was sold;

    c.  failed to warn of the danger when it knew, or should have known of the dangers of the knobs, lack of safety system, "dual knob system" and other dangers; and

    d.  placed the Stove into the stream of commerce when it knew or should have known that it exposed consumers, including the infant plaintiff, to a defective and/or dangerous product.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



302.     All of the aforementioned violations were engaged in by GE either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

303.     As a result of the breach of the Connecticut Product Liability Act by GE, its agents, representatives, servants, and/or employees, the infant plaintiff suffered the following injuries:

    a. Second degree burns to left lower leg;

    b. Second degree burns to right lower leg;

    c. Burns involving 30-39% of body surface with 0% to 9% third degree burns.

    d. Mental Health injuries and post-traumatic stress disorder; and

    e. other injuries and damages to her entire body.

304.     Due to the dangerous and defective condition of the Stove, the Aunt plaintiff sustained and suffered serious and severe personal injuries.

305.     By further violation of the product liability act by GE as aforesaid, the Aunt Plaintiff was required to spend substantial sums of money for the infant plaintiff's medical care necessitated by the injuries incurred.

306.     As a further violation of the product liability act by GE as aforesaid, the Aunt Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

307.     The Aunt Plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to Connecticut General Statutes § 52-240b.

## COUNT SEVENTEEN: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS BETWEEN JUSTIN LAPOINTE, PPA L. L. AND NEWELL

308.     The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count One and Count Five as if set forth herein.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



309.     Newell is a company with dozens of retail brands with significant experience in selling consumer products.

310.     Newell, knew, or should have known of the required consumer safety standards and regulations related to their baby and child brands, including Graco.

311.     As noted in Counts One and Four, Newell failed to take steps to make safe products, including the car seat at issue, which did not comply with Federal standards and regulations.

312.     Newell fails to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

313.     Newell has been subject to claims of unsafe products previously, including by not limited to the following:

   a. MDL No. 2823 — IN RE: BERNZOMATIC AND WORTHINGTON BRANDED HANDHELD TORCH PRODUCTS LIABILITY LITIGATION
   b. Bartholomew v. Newell Brands, Inc.,
   c. Shane v. Newell Brands, Inc.
   d. Rife v. Newell Brands, Inc.
   e. Roberts v. Newell Brands, Inc.
   f. Schmitt v. Newell Brands, Inc.
   g. Benson v. Newell Brands, Inc.
   h. Powers v. Newell Brands, Inc.
   i. Read v. Graco Children's Products, Inc.

314.     Newell, and Graco Children's Products, Inc. were fined in 2005 $4,000,000.00 for violations related to child products. See March 22, 2005 Order of the Consumer Product Safety Commission, release Number 05-138.

315.     Newell's product was unethical, immoral, unscrupulous, oppressive, and reckless.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



316.    Further, Newell is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products, violating national safety standards and failing to provide safe products to children.

317.    Newell's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

318.    Newell's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

319.    Newell's conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

320.    Newell's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

321.    Under CUTPA, the infant Plaintiff is entitled to recover compensatory damages from Newell, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT EIGHTEEN: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS BETWEEN JUSTIN LAPOINTE, PPA L. L. AND TARGET

322.    The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count Two and Count Six as if set forth herein.

323.    Target is a company with thousands of stores with significant experience in selling consumer products.

324.    Target, knew, or should have known of the required consumer safety standards and regulations related to their sale of child products, including the car seat at issue in this case.

325.    As noted in Counts Two and Six, Target failed to take steps to make safe products, including the car seat at issue, which did not comply with Federal standards and regulations.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



326. Target failed to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

327. Target has so many recall and safety concerns, it maintains a website of all of the products sold at their stores that are recalled.

328. Specifically as to child products, Target has had to recall 103 baby products, including car seats, as a result of failures and risk of injury.

329. Target has been subject to claims of unsafe products previously, including at least one hundred (100) prior lawsuits available to the public.

330. Target has a history of consumer issues, including a massive data breach and a recall of over 5,000,000 candles.

331. Targets conduct and product was unethical, immoral, unscrupulous, oppressive, and reckless.

332. Further, Target is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products, violating national safety standards and failing to provide safe products to children.

333. Target's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

334. Target's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

335. Target's Conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

336. Target's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

337. Under CUTPA, the infant Plaintiff is entitled to recover compensatory damages from Target, including attorneys' fees, costs, emotional distress, and punitive damages.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



**COUNT NINETEEN: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS BETWEEN JUSTIN LAPOINTE, PPA L. L. AND HAIER**

338.    The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count Three and Count Seven as if set forth herein.

339.    Haier is a company with multiple consumer brands and with significant experience in selling consumer products.

340.    Haier, knew, or should have known of the required consumer safety standards and regulations related to their sale of Stoves, including the Stove at issue in this case.

341.    As noted in Counts Three and Seven, Haier failed to take steps to make safe products, including the Stove at issue.

342.    Haier failed to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

343.    Haier has at least eleven (11) recalls and safety concerns identified by the Consumer Product Safety Commission.

344.    Specifically as to fire hazards, Haier has had to recall over 2,000,000 consumer units, and has been subject to claims and subrogation claims related to the fire hazards of their products.

345.    Haier's conduct and product was unethical, immoral, unscrupulous, oppressive, and reckless.

346.    Further, Haier is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products..

347.    Haier's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



348. Haier's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

349. Haier's Conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

350. Haier's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

351. Under CUTPA, the infant Plaintiff is entitled to recover compensatory damages from Haier, including attorneys' fees, costs, emotional distress, and punitive damages.

**COUNT TWENTY: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS BETWEEN JUSTIN LAPOINTE, PPA L. L. AND GE**

352. The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count Four and Count Eight as if set forth herein.

353. GE is a company with multiple consumer brands and with significant experience in selling consumer products.

354. GE, knew, or should have known of the required consumer safety standards and regulations related to their sale of Stoves, including the Stove at issue in this case.

355. As noted in Counts Four and Eight, GE failed to take steps to make safe products, including the Stove at issue.

356. GE failed to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

357. GE has several recalls and safety concerns identified by the Consumer Product Safety Commission.

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



358.     Specifically as to fire hazards, GE has had to recall millions of consumer units, and has been subject to claims and subrogation claims related to the fire hazards of their products.

359.     GE's conduct and product was unethical, immoral, unscrupulous, oppressive, and reckless.

360.     Further, GE is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products..

361.     GE's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

362.     GE's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

363.     GE's Conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

364.     GE's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

365.     Under CUTPA, the infant Plaintiff is entitled to recover compensatory damages from GE, including attorneys' fees, costs, emotional distress, and punitive damages.

**COUNT TWENTY-ONE: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS KAYLEIGH LAPOINTE AND NEWELL**

366.     The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count Nine and Count Thirteen as if set forth herein.

367.     Newell is a company with dozens of retail brands with significant experience in selling consumer products.

368.     Newell, knew, or should have known of the required consumer safety standards and regulations related to their baby and child brands, including Graco.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



369. As noted in Counts Nine and Thirteen, Newell failed to take steps to make safe products, including the car seat at issue, which did not comply with Federal standards and regulations.

370. Newell fails to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

371. Newell has been subject to claims of unsafe products previously, including by not limited to the following:

    a. MDL No. 2823 — IN RE: BERNZOMATIC AND WORTHINGTON BRANDED HANDHELD TORCH PRODUCTS LIABILITY LITIGATION
    b. Bartholomew v. Newell Brands, Inc.,
    c. Shane v. Newell Brands, Inc.
    d. Rife v. Newell Brands, Inc.
    e. Roberts v. Newell Brands, Inc.
    f. Schmitt v. Newell Brands, Inc.
    g. Benson v. Newell Brands, Inc.
    h. Powers v. Newell Brands, Inc.
    i. Read v. Graco Children's Products, Inc.

372. Newell, and Graco Children's Products, Inc. were fined in 2005 $4,000,000.00 for violations related to child products. See March 22, 2005 Order of the Consumer Product Safety Commission, release Number 05-138.

373. Newell's product was unethical, immoral, unscrupulous, oppressive, and reckless.

374. Further, Newell is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products, violating national safety standards and failing to provide safe products to children.

375. Newell's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



376.     Newell's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

377.     Newell's Conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

378.     Newell's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

379.     Under CUTPA, the Aunt Plaintiff is entitled to recover compensatory damages from Newell, including attorneys' fees, costs, emotional distress, and punitive damages.

**COUNT TWENTY-TWO: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS BETWEEN KAYLEIGH LAPOINTE AND TARGET**

380.     The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count Ten and Count Fourteen as if set forth herein.

381.     Target is a company with thousands of stores with significant experience in selling consumer products.

382.     Target, knew, or should have known of the required consumer safety standards and regulations related to their sale of child products, including the car seat at issue in this case.

383.     As noted in Counts Ten and Fourteen, Target failed to take steps to make safe products, including the car seat at issue, which did not comply with Federal standards and regulations.

384.     Target failed to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

385.     Target has so many recall and safety concerns, it maintains a website of all of the products sold at their stores that are recalled.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



386.     Specifically as to child products, Target has had to recall 103 baby products, including car seats, as a result of failures and risk of injury.

387.     Target has been subject to claims of unsafe products previously, including at least one hundred (100) prior lawsuits available to the public.

388.     Target has a history of consumer issues, including a massive data breach and a recall of over 5,000,000 candles.

389.     Targets conduct and product was unethical, immoral, unscrupulous, oppressive, and reckless.

390.     Further, Target is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products, violating national safety standards and failing to provide safe products to children.

391.     Target's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

392.     Target's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

393.     Target's Conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

394.     Target's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

395.     Under CUTPA, the Aunt Plaintiff is entitled to recover compensatory damages from Target, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT TWENTY-THREE: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS BETWEEN KAYLEIGH LAPOINTE AND HAIER

396.     The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count Eleven and Count Fifteen as if set forth herein.

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



397.     Haier is a company with multiple consumer brands and with significant experience in selling consumer products.

398.     Haier, knew, or should have known of the required consumer safety standards and regulations related to their sale of Stoves, including the Stove at issue in this case.

399.     As noted in Counts Eleven and Fifteen, Haier failed to take steps to make safe products, including the Stove at issue.

400.     Haier failed to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

401.     Haier has at least eleven (11) recalls and safety concerns identified by the Consumer Product Safety Commission.

402.     Specifically as to fire hazards, Haier has had to recall over 2,000,000 consumer units, and has been subject to claims and subrogation claims related to the fire hazards of their products.

403.     Haier's conduct and product was unethical, immoral, unscrupulous, oppressive, and reckless.

404.     Further, Haier is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products..

405.     Haier's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

406.     Haier's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

407.     Haier's Conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

408.     Haier's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



409.     Under CUTPA, the Aunt Plaintiff is entitled to recover compensatory damages from Haier, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT TWENTY-FOUR: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS BETWEEN KAYLEIGH LAPOINTE AND GE

410.     The plaintiff reincorporates and restates paragraphs 1.-30., as well as the entirety of Count Twelve and Count Sixteen as if set forth herein.

411.     GE is a company with multiple consumer brands and with significant experience in selling consumer products.

412.     GE, knew, or should have known of the required consumer safety standards and regulations related to their sale of Stoves, including the Stove at issue in this case.

413.     As noted in Counts Twelve and Sixteen, GE failed to take steps to make safe products, including the Stove at issue.

414.     GE failed to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public.

415.     GE has several recalls and safety concerns identified by the Consumer Product Safety Commission.

416.     Specifically as to fire hazards, GE has had to recall millions of consumer units, and has been subject to claims and subrogation claims related to the fire hazards of their products.

417.     GE's conduct and product was unethical, immoral, unscrupulous, oppressive, and reckless.

418.     Further, GE is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products..

419.     GE's conduct, as set forth above, occurred prior to June 23, 2020, and continues after.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



420.     GE's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, et seq.

421.     GE's Conduct, as set forth above, constituted a violation of other Consumer Protection Statutes including 15 U.S.C.A. § 45.

422.     GE's conduct as previously alleged was a substantial factor resulting in the injuries and suffering of the infant Plaintiff.

423.     Under CUTPA, the infant Plaintiff is entitled to recover compensatory damages from GE, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT TWENTY-FIVE: JUSTIN LAPOINTE V. NEWELL – LOSS OF CONSORTIUM

424.     All paragraphs of Count One are hereby incorporated and restated as if set forth and incorporated as herein.

425.     The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L. L.

426.     As a further result of the violation of the product liability act of Newell, as well as the injuries to the infant plaintiff, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

427.     The Plaintiff brings this claim against Newell.

## COUNT TWENTY-SIX: MARY LAPOINTE V. NEWELL – LOSS OF CONSORTIUM

428.     All paragraphs of Count One are hereby incorporated and restated as if set forth and incorporated as herein.

429.     The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L. L.

430.     As a further result of the violation of the product liability act of Newell, as well as the injuries to the infant plaintiff, mother plaintiff has lost the

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

431.     The Plaintiff brings this claim against Newell.

## COUNT TWENTY-SEVEN: JUSTIN LAPOINTE V. NEWELL – LOSS OF CONSORTIUM - RECKLESSNESS

432.     All paragraphs of Count Five and Seventeen are hereby incorporated and restated as if set forth and incorporated as herein.

433.     The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L. L.

434.     As a further result of the violation of the product liability act of Newell, as well as the injuries to the infant plaintiff and the reckless disregard noted above, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

435.     The Plaintiff brings this claim against Newell.

## COUNT TWENTY-EIGHT: MARY LAPOINTE V. NEWELL – LOSS OF CONSORTIUM - RECKLESSNESS

436.     All paragraphs of Count Five and Seventeen are hereby incorporated and restated as if set forth and incorporated as herein.

437.     The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L. L.

438.     As a further result of the violation of the product liability act of Newell, as well as the injuries to the infant plaintiff and the reckless disregard noted above, father plaintiff has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

439.     The Plaintiff brings this claim against Newell.

## COUNT TWENTY-NINE: JUSTIN LAPOINTE V. TARGET – LOSS OF CONSORTIUM

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



440.    All paragraphs of Count Two are hereby incorporated and restated as if set forth and incorporated as herein.

441.    The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L. L.

442.    As a further result of the violation of the product liability act of Target, as well as the injuries to the infant plaintiff, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

443.    The Plaintiff brings this claim against Target.

## COUNT THIRTY: MARY LAPOINTE V. NEWELL – LOSS OF CONSORTIUM

444.    All paragraphs of Count Two are hereby incorporated and restated as if set forth and incorporated as herein.

445.    The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L. L.

446.    As a further result of the violation of the product liability act of Target, as well as the injuries to the infant plaintiff, mother plaintiff has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

447.    The Plaintiff brings this claim against Target.

## COUNT THIRTY-ONE: JUSTIN LAPOINTE V. TARGET – LOSS OF CONSORTIUM - RECKLESSNESS

448.    All paragraphs of Count Six and Eighteen are hereby incorporated and restated as if set forth and incorporated as herein.

449.    The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L. L.

450.    As a further result of the violation of the product liability act of Target, as well as the injuries to the infant plaintiff and the reckless disregard noted above, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



451.     The Plaintiff brings this claim against Target.

**COUNT THIRTY-TWO: MARY LAPOINTE V. TARGET – LOSS OF CONSORTIUM - RECKLESSNESS**

452.     All paragraphs of Count Six and Eighteen are hereby incorporated and restated as if set forth and incorporated as herein.

453.     The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L L.

454.     As a further result of the violation of the product liability act of Target, as well as the injuries to the infant plaintiff and the reckless disregard noted above, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

455.     The Plaintiff brings this claim against Target.

**COUNT THIRTY-THREE: JUSTIN LAPOINTE V. HAIER – LOSS OF CONSORTIUM**

456.     All paragraphs of Count Three are hereby incorporated and restated as if set forth and incorporated as herein.

457.     The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L. L.

458.     As a further result of the violation of the product liability act of Haier, as well as the injuries to the infant plaintiff, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

459.     The Plaintiff brings this claim against Haier.

**COUNT THIRTY-FOUR: MARY LAPOINTE V. HAIER – LOSS OF CONSORTIUM**

460.     All paragraphs of Count Three are hereby incorporated and restated as if set forth and incorporated as herein.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



461.     The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L. L.

462.     As a further result of the violation of the product liability act of Haier, as well as the injuries to the infant plaintiff, mother plaintiff has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

463.     The Plaintiff brings this claim against Haier.

## COUNT THIRTY-FIVE: JUSTIN LAPOINTE V. HAIER – LOSS OF CONSORTIUM - RECKLESSNESS

464.     All paragraphs of Count Seven and Nineteen are hereby incorporated and restated as if set forth and incorporated as herein.

465.     The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L. L.

466.     As a further result of the violation of the product liability act of Haier, as well as the injuries to the infant plaintiff and the reckless disregard noted above, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

467.     The Plaintiff brings this claim against Haier.

## COUNT THIRTY-SIX: MARY LAPOINTE V. HAIER – LOSS OF CONSORTIUM - RECKLESSNESS

468.     All paragraphs of Count Seven and Nineteen are hereby incorporated and restated as if set forth and incorporated as herein.

469.     The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L. L.

470.     As a further result of the violation of the product liability act of Haier, as well as the injuries to the infant plaintiff and the reckless disregard noted above, mother plaintiff has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

471.     The Plaintiff brings this claim against Haier.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



**COUNT THIRTY-SEVEN: JUSTIN LAPOINTE V. GE – LOSS OF CONSORTIUM**

472.      All paragraphs of Count Four are hereby incorporated and restated as if set forth and incorporated as herein.

473.      The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L L.

474.      As a further result of the violation of the product liability act of GE, as well as the injuries to the infant plaintiff, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

475.      The Plaintiff brings this claim against GE.

**COUNT THIRTY-EIGHT: MARY LAPOINTE V. GE – LOSS OF CONSORTIUM**

476.      All paragraphs of Count Four are hereby incorporated and restated as if set forth and incorporated as herein.

477.      The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L. L.

478.      As a further result of the violation of the product liability act of GE, as well as the injuries to the infant plaintiff, mother plaintiff has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

479.      The Plaintiff brings this claim against GE.

**COUNT THIRTY-NINE: JUSTIN LAPOINTE V. GE – LOSS OF CONSORTIUM - RECKLESSNESS**

480.      All paragraphs of Count Eight and Twenty are hereby incorporated and restated as if set forth and incorporated as herein.

481.      The Plaintiff, Justin Lapointe, is the father of the infant plaintiff, L. L.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



482. As a further result of the violation of the product liability act of GE, as well as the injuries to the infant plaintiff and the reckless disregard noted above, father plaintiff has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

483. The Plaintiff brings this claim against GE.

## COUNT FORTY: MARY LAPOINTE V. GE – LOSS OF CONSORTIUM - RECKLESSNESS

484. All paragraphs of Count Eight and Twenty are hereby incorporated and restated as if set forth and incorporated as herein.

485. The Plaintiff, Mary Lapointe, is the mother of the infant plaintiff, L. L.

486. As a further result of the violation of the product liability act of GE, as well as the injuries to the infant plaintiff and the reckless disregard noted above, mother plaintiff has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

487. The Plaintiff brings this claim against GE.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



THE PLAINTIFFS
Justin Lapointe Next Friend L. L.,
Justin Lapointe,
Mary Lapointe &
Kayleigh Lapointe


By:_____

Its Attorneys
Peter C. Bowman
Kenneth Krayeske
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900
F: (203) 562-0902
filing@bbbattorneys.com
CT FED BAR NO. ct28608

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JUSTIN LAPOINTE NEXT FRIEND OF          CASE NO.
L. L.;
JUSTIN LAPOINTE, MARY LAPOINTE
& KAYLEIGH LAPOINTE

V.

NEWELL BRANDS, INC.,
TARGET STORES, INC.,
HAIER US APPLIANCE SOLUTIONS, INC.
D/B/A GE APPLIANCES, AND
GENERAL ELECTRIC COMPANY        JUNE 21, 2023

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff claims:
1. Monetary damages;
2. Punitive damages as to Counts Five, Six, Seven, Eight, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Seven, Twenty-Eight, Thirty-One, Thirty-Two, Thirty-Five, Thirty-Six, Thirty-Nine, and Forty;
3. Attorneys' Fees as to Counts Five, Six, Seven, Eight, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Seven, Twenty-Eight, Thirty-One, Thirty-Two, Thirty-Five, Thirty-Six, Thirty-Nine, and Forty;
4. Costs; and
5. Any other such further relief as law and equity may provide.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

THE PLAINTIFFS
Justin Lapointe Next Friend L. L.,
Justin Lapointe,
Mary Lapointe &
Kayleigh Lapointe

By:_____
Its Attorneys
Peter C. Bowman
Kenneth Krayeske
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900
F: (203) 562-0902
filing@bbbattorneys.com
CT FED BAR NO. ct28608

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JUSTIN LAPOINTE NEXT FRIEND OF                 CASE NO.
L. L.;
JUSTIN LAPOINTE, MARY LAPOINTE
& KAYLEIGH LAPOINTE

V.

NEWELL BRANDS, INC.,
TARGET STORES, INC.,
HAIER US APPLIANCE SOLUTIONS, INC.
D/B/A GE APPLIANCES, AND
GENERAL ELECTRIC COMPANY                 JUNE 21, 2023

## <u>STATEMENT OF AMOUNT IN DEMAND</u>

Amount, legal interests and property in demand, exclusive of interest and costs, is Seventy-Five Thousand and 00/100 Dollars ($75,000.00) or more.

THE PLAINTIFFS
Justin Lapointe Next Friend L. L.,
Justin Lapointe,
Mary Lapointe &
Kayleigh Lapointe

By:_____
Its Attorneys
Peter C. Bowman
Kenneth Krayeske
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900
F: (203) 562-0902
filing@bbbattorneys.com
CT FED BAR NO. ct28608

**ATTORNEYS &**
**COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JUSTIN LAPOINTE NEXT FRIEND OF        CASE NO.
L. L.;
JUSTIN LAPOINTE, MARY LAPOINTE
& KAYLEIGH LAPOINTE

V.

NEWELL BRANDS, INC.,
TARGET STORES, INC.,
HAIER US APPLIANCE SOLUTIONS, INC.
D/B/A GE APPLIANCES, AND
GENERAL ELECTRIC COMPANY        JUNE 21, 2023

## NOTICE OF REPORT TO GOVERNMENT ENTITIES

      The plaintiffs hereby give notice that this Complaint was sent to the following entities as a notice and complaint of the conduct set forth herein:

      Hon. William Tong, Esq., Attorney General, State of Connecticut, sent via e-mail to attorney.general@ct.gov.

      Hon. Bryan T. Cafferelli, Commissioner, Department of Consumer Protection, dcp.commissioner@ct.gov.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



THE PLAINTIFFS
Justin Lapointe Next Friend L. L.,
Justin Lapointe,
Mary Lapointe &
Kayleigh Lapointe

By:_____
Its Attorneys
Peter C. Bowman
Kenneth Krayeske
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900
F: (203) 562-0902
filing@bbbattorneys.com
CT FED BAR NO. ct28608

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM