**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------------------------------  x
L. L., ET AL.,                                          :
                                                        :        Case No. 3:23-cv-00803-MPS
                    Plaintiffs,                         :
                                                        :
            v.                                          :        August 13, 2023
                                                        :
NEWELL BRANDS, INC., ET AL.,                            :
                                                        :
                    Defendants.                         :
------------------------------------------------------  x
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ......................................................**Error! Bookmark not defined.**

I.     FACTUAL BACKGROUND ............................................................................... 1

II.    LEGAL ARGUMENT ...................................................................................... 2

      A.     Standard for a Motion to Dismiss .......................................................... 2

      B.     Plaintiffs' CUTPA Claims Under Counts 19 and 23 of the Complaint Must Be Dismissed. ............................................................................... 2

      C.     Plaintiffs' Counts 33-36 for Loss of Consortium Must be Dismissed. ................... 5

III.   CONCLUSION.............................................................................................. 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Appiah v. Home Depot U.S.A, Inc.*,
No. 3:20-cv-00489 (VLB), 2020 WL 6263544 (D. Conn. Oct. 23, 2020) .........................7, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................................5

*Cohen v. S.A.C. Trading Corp.*,
711 F.3d 353 (2d Cir. 2013)............................................................................................5

*Cooke v. Kenny*,
No. 21-cv-01244 (SALM), 2022 WL 168787 (D. Conn. Jan. 19, 2022).................................8

*Fraser v. Wyeth, Inc.*,
857 F. Supp. 2d 244 (D. Conn. 2012) ..............................................................................6

*Glover v. Bausch & Lomb, Inc.*
275 A.3d 168 (Conn. 2022) ..........................................................................................6, 7

*Hishon v. King & Spalding*,
467 U.S. 69 (1984)............................................................................................................5

*Hunte v. Abbott Lab'ys, Inc.*,
556 F. Supp. 3d 70 (D. Conn. 2021).............................................................................6, 7, 8

*Hyun v. S. Kent Sch.*,
166 F.R.D. 272 (D. Conn. 1996).......................................................................................8

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007)............................................................................................5

*Stewart v. Bourque*,
No. HHD-CV-21-6136075-S, 2023 WL 4072993 (Conn. Super. Ct. June 13,
2023) .................................................................................................................................8

*York v. Ass'n of the Bar of N.Y.*,
286 F.3d 122 (2d Cir. 2002)............................................................................................5

**Statutes**

Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §42-110 *et seq.*) ....................... *passim*

**Rules**

Fed. R. Civ. P. 12...................................................................................................................4, 5

The Defendant, Haier US Appliances Solutions, Inc. d/b/a GE Appliances ("Haier") respectfully submits this memorandum of law in support of its motion to dismiss certain counts of Plaintiffs' Complaint ("Complaint") (ECF Doc. 1) pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Haier asks this Court to dismiss Counts 19 and 23, which allege violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and Counts 33-36, which allege claims of loss of consortium based on a parent-child relationship. For the reasons set forth herein, these claims fail to allege facts which would give rise to a valid cause of action under Connecticut law. As a result, they must be dismissed.

## I.     FACTUAL BACKGROUND

In their forty-count Complaint, Plaintiffs assert only ten counts against Haier. In these counts, Plaintiffs allege claims relating to the CPLA, CUTPA and loss of consortium against Haier. In support of these claims, Plaintiffs allege the following common facts:[1]

On June 23, 2020, Plaintiff Mary Lapointe ("Mrs. Lapointe") left her daughter, infant plaintiff L.L., in a car seat on the kitchen counter next to the stove in her Colchester, Connecticut home and then left the area. (Complaint, ¶¶ 64-66.) When Mrs. Lapointe returned inside the home, she found the infant plaintiff's car seat on fire and the infant plaintiff severely injured. (*Id.*, ¶¶ 66-67.) Plaintiffs allege that the stove caused their injuries and was manufactured and sold by Haier. (*Id.*, ¶¶ 61-63, 74.)

Plaintiffs do not allege whether or how the stove was turned on at the time of the incident, but assert that the stove at issue was defective and unsafe. (*Id.*, ¶¶ 209, 341.) Plaintiffs further allege that "Haier failed to take steps to make safe products" and that Haier's unfair and deceptive trade practice was that it continued "to have safety concerns with its products." (*Id.*, ¶¶ 340-346,

---

[1] For the purposes of this motion, and pursuant to Fed. R. Civ. P. 12(b)(6), Haier sets out the facts alleged by Plaintiffs. However, Haier disputes the validity and/or accuracy of these facts.

399-400.)   The parent plaintiffs Justin and Mary Lapointe, allege that both parents "lost the consortium, society, care and companionship of [their] daughter, and will continue to suffer such a loss in the future." (*Id.*, ¶¶ 458, 462, 466, 470.)

## II.     LEGAL ARGUMENT

### A.      Standard for a Motion to Dismiss

A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) must be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  When evaluating a motion to dismiss under Rule 12(b)(6), the Court generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  A district court should accept as true all well-pleaded material factual allegations in the complaint and draw inferences in the light most favorable to the non-moving party.  *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *York v. Ass'n of the Bar of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002).

To defeat a motion pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must provide more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  For the reasons set forth herein, Plaintiffs' CUTPA and loss of consortium claims fail as a matter of established Connecticut law.

### B.      Plaintiffs' CUTPA Claims Under Counts 19 and 23 of the Complaint Must Be Dismissed.

Plaintiffs' CUTPA claims must be dismissed because Plaintiffs' claims under that statute are preempted by the CPLA.  Under Connecticut law, CPLA and CUTPA claims generally cannot

coexist. *See Fraser v. Wyeth, Inc.*, 857 F. Supp. 2d 244, 258 (D. Conn. 2012). "The CPLA is the 'exclusive means by which a party may secure a remedy for an injury caused by a defective product. So, if a plaintiff's CUTPA claim falls within the scope of the product liability act, it is precluded." *Hunte v. Abbott Lab'ys, Inc.*, 556 F. Supp. 3d 70, 93 (D. Conn. 2021) (internal citations omitted). "[A] product liability claim under the act is one that seeks to recover damages for personal injuries, including wrongful death, or for property damages, including damage to the product itself, caused by the defective product." *Id.* That is precisely what the Plaintiffs assert here – personal injury caused by an allegedly defective product. While Haier disputes these factual allegations, Connecticut law is clear that the Plaintiffs' sole legal remedy for these claims is the CPLA.

Connecticut law is clear that a CPLA claim "shall be in lieu of all other claims against product sellers." *Fraser,* 857 F. Supp. 2d at 258. Accordingly, "CUTPA claims that assert that a defendant's product is defectively designed or that the defendant failed to warn properly about a defective product" are barred as a matter of law. *Id. See Glover v. Bausch & Lomb, Inc.* 275 A.3d 168 (Conn. 2022) (finding that a plaintiff cannot sustain a CUTPA claim that seeks damages for personal injury caused by an allegedly defective product).

The Connecticut Supreme Court has carved out only two exceptions to this rule, neither of which is relevant here: "when (1) the plaintiff does not seek a remedy for personal injury, death or property damage that was caused by a defective product, or (2) the plaintiff seeks a remedy for personal injury, death or property damage that was caused by the unscrupulous advertising of a product that was not defective." *Glover*, 275 A.3d at 196; *see Appiah v. Home Depot U.S.A, Inc.*, No. 3:20-cv-00489 (VLB), 2020 WL 6263544, at *4 (D. Conn. Oct. 23, 2020) ("[T]he Connecticut Supreme Court has recognized the propriety of CUTPA claims in the product liability context

when the claim is either for an injury not caused by the defective product, or if the party is not pursuing a claim for 'personal injury, death or property damage.") (internal citations omitted).

Here, Plaintiffs expressly assert a CUTPA claim based on personal injury caused by an allegedly defective product.  In fact, a comparison of Plaintiffs' CUTPA (Counts 19 and 23) and CPLA claims against Haier demonstrates that Plaintiffs' CUTPA are based on the same factual allegations as Plaintiffs' CPLA claims.  At the crux of both sets of claims lays Plaintiffs' allegations that the stove at issue was unsafe and defectively designed.  (Complaint, ¶¶ 71-72, 209-210, 341-344, 399-402.)

Plaintiffs' allegations in support of the CUTPA claims pertain exclusively to alleged defects in the stove, claiming that Haier "failed to take steps to make safe products, including the Stove at issue" and "failed to take additional steps to determine whether the products they create and their manufacturing and quality control are safe for use by the public."  (*Id.*, ¶¶ 341-342.)  Plaintiffs' one allegation relating to unfair and deceptive trade practices still pertains to the alleged safety defects, claiming that "Haier is engaging in unfair and deceptive trade practices by continuing to have safety concerns with its products."  (*Id.*, ¶ 346.)  *See Hunte v. Abbott Lab'ys, Inc.,* 556 F. Supp. 3d 70, 95 (D. Conn. 2021) ("[T]he instances of unfairness and deception that [Plaintiff] alleges in asserting her CUTPA claim are precisely those that [Plaintiff] alleged in support of her CPLA claim earlier in the complaint."); *Appiah v. Home Depot U.S.A, Inc.*, No. 3:20-CV-00489 (VLB), 2020 WL 6263544, at *5 (D. Conn. Oct. 23, 2020) ("Plaintiffs are alleging the existence of a defective product in tandem with misrepresentations about the product's efficacy. This CUTPA claim is barred by the CPLA's exclusivity provision.").

Thus, Plaintiffs' CUTPA claims are the exact type of claims Connecticut statutes and case law seek to exclude under the CPLA and must be dismissed.

**C.      Plaintiffs' Counts 33-36 for Loss of Consortium Must be Dismissed.**

Plaintiffs' loss of consortium claims (Counts 33-36) must also be dismissed, as Connecticut law does not presently recognize claims for loss of consortium brought by parents for the loss of companionship of a child.[2]  *See Hyun v. S. Kent Sch.*, 166 F.R.D. 272, 276 (D. Conn. 1996) ("Although a few of the state trial courts have recognized a claim for filial and/or parental consortium, the relevant case law indicates that it is not a cognizable claim under Connecticut law.").  "Connecticut currently recognizes two types of loss or consortium claims: loss of spousal consortium and loss of parental consortium (by a minor child)." *Cooke v. Kenny*, No. 3:21CV01244(SALM), 2022 WL 168787, at *5 (D. Conn. Jan. 19, 2022)).  "[A] parent may not recover from a third-party tortfeasor, as an element of damages for injury to his child, for loss of the child's society and companionship attributable to the injury." *K.E. v. GlaxoSmithKline LLC*, No. 3:14-cv-1294 (VAB), 2017 WL 440242, at *24 (D. Conn. Feb. 1, 2017) (quoting *Cimino v. Yale Univ.*, 638 F. Supp. 952, 956 (D. Conn. 1986)).

Here, Plaintiffs Justin and Mary Lapointe are seeking to do just that.  Each of Plaintiffs' loss of consortium claims allege that "plaintiff has lost the consortium, society, care and companionship of [their] daughter, and will continue to suffer such a loss in the future". (Complaint, ¶¶ 458, 462, 466, 470.)  Given that there is no majority rule recognizing such claims within the State of Connecticut or this Court, Plaintiffs' Counts 33-36 for loss of consortium must be dismissed.

---

[2]  While *Hunte v. Abbott Lab'ys, Inc.*, 556 F. Supp. 3d 70, 93 (D. Conn. 2021), cited above, referred the question of filial consortium to the Connecticut Supreme Court for certification (the case remains pending), at least two Connecticut courts have held since that time that "a parent may not recover for loss of consortium caused by injuries suffered by his or her child." *Stewart v. Bourque*, No. HHD-CV-21-6136075-S, 2023 WL 4072993, at *4 (Conn. Super. Ct. June 13, 2023).  *See also Cooke v. Kenny*, No. 21-cv-01244 (SALM), 2022 WL 168787 (D. Conn. Jan. 19, 2022).

## III.    **CONCLUSION**

For all of the foregoing reasons, the plaintiffs' allegations relating to violations of the

Connecticut Unfair Trade Practices Act and loss of consortium as alleged in Counts 19, 23, 33-36

of the Complaint must be dismissed with prejudice for failure to state a claim.


DEFENDANT HAIER US
APPLIANCES SOLUTIONS, INC.
D/B/A GE APPLIANCES


By: */s/ Jeffrey J. White*
        Jeffrey J. White (ct25781)
        280 Trumbull Street
        Hartford, CT 06103-3597
        Main (860) 275-8200
        Direct (860) 275-8252
        Fax (860) 275-8299
        E-mail:jwhite@rc.com

## **CERTIFICATION**

I hereby certify that on August 13, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ Jeffrey J. White*